UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| In re: Criminal Actions | ) ) ) ) ) ) ) | **STANDING PRETRIAL AND TRIAL MANAGEMENT ORDER (Criminal)** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The Court enters this general order of discovery and pretrial procedures for all criminal actions assigned to the undersigned. Accordingly, it is hereby **ORDERED** as follows:

### DISCOVERY & INSPECTION

1. **General.** The Court requires strict adherence to the Federal Rules of Criminal Procedure, as well as any applicable statutes and common law regarding discovery and inspection in criminal cases. To the extent a matter is not addressed specifically herein, the applicable Federal Rule(s), statutes, Local Rules, and/or case law will govern.

2. **Federal Rule of Evidence ("Rule") 16.** An order of the Court is not required to obtain discovery under Rule 16. A party need only make a "request" to initiate the process. Therefore, unless the parties disagree regarding the scope of discovery, a motion is not required. Accordingly, pursuant to Rule 16 and applicable case law, the parties shall conduct pretrial discovery and inspection in the following manner:

    (a) **The Government.** **Within ten (10) days** after arraignment, the Office of the United States Attorney and the defense counsel shall confer and, upon request, the United States shall produce all items discoverable pursuant to Rule 16(a) of the Federal Rules of Criminal Procedure.

(b) **The Defendant(s). Within ten (10) days** after the arraignment, the Office of the United States Attorney and the defense counsel shall confer and, upon request, the defendant(s) shall produce all items discoverable pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

(c) **Declined disclosure**. If, in the judgment of the Office of the United States Attorney, it would not be in the interests of justice to make any one or more disclosures set forth in paragraph (a) above and requested by defense counsel, disclosure may be declined. A declination of any requested disclosure shall be in writing, directed to defense counsel, and signed personally by the Assistant United States Attorney assigned to the case, and shall specify the types of disclosure that are declined. If the defendant(s) seeks to challenge the declination, he/she shall proceed pursuant to Subsection (d) below.

(d) **Additional discovery or inspection**. If additional discovery or inspection is sought by either party and such request is declined, the parties shall confer and attempt to resolve the dispute in a cooperative atmosphere without recourse to the Court. In the event the parties are unable to resolve the dispute informally, they may file appropriate written motions. *See* Fed. R. Crim. P. 16(d).

3. **Jencks Act**. Any Jencks Act material pursuant to 18 U.S.C. § 3500 is not discoverable prior to trial. Therefore, the United States shall, on motion of the defendant(s), produce Jencks Act material after the "witness has testified on direct examination in the trial of the case." *See* 18 U.S.C. § 3500(a)-(b).

    4.    **Brady Material**. Pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), the United States shall produce all *Brady* material of which it has knowledge in the following manner:

    (a)    pretrial disclosure of any *Brady* material discoverable under Rule 16(a)(1);

    (b)    disclosure of all other *Brady* material "in time for effective use at trial;"

    (c)    if the government has knowledge of *Brady* rule evidence and is unsure as to the nature of the evidence and the proper time for disclosure, then it may request an *in camera* hearing for the purpose of resolving this issue; and

    (d)    failure to disclose *Brady* material at a time when it can be effectively used may result in a recess or a continuance so that the defendant(s) may properly utilize such evidence.

    5.    **404(b) Evidence**. Upon service of a request from the defendant(s) for notice of Rule 404(b) evidence of other crimes, wrongs, or acts, the United States shall provide reasonable notice in advance of trial of the general nature of any such evidence it intends to introduce at trial unless the Court excuses pretrial notice upon motion by the United States showing good cause.

## MOTIONS

    1.    **Defensive Motions**. Defensive motions shall be filed within **thirty (30) days** of the entry of the Scheduling Order (Criminal) in each case.

    2.    **Motions to Suppress**. Paragraph 3 of this section shall apply to motions to suppress evidence, except that the opposing memorandum of the United States with regard to such motions shall be filed no later than the date of the suppression hearing before the Magistrate Judge. Supplemental memoranda will only be permitted upon request of the parties, and at the discretion of the Magistrate Judge.

3. **Timing**. All motions, responses and replies shall be accompanied by a supporting memorandum with appropriate citation to legal authority that conforms with Local Criminal Rule 47.1 of the Joint Local Rules of Criminal Practice for the United States District Court for the Eastern and Western Districts of Kentucky ("LCrR").  Further, all response and reply times will be governed by LCrR 47.1(d).  **Pursuant to Fed. R. Crim. P. 47(c), any motion requiring an evidentiary hearing or oral argument shall be filed at least seven (7) days before the hearing date set out in paragraph 1 of this section.**  The Court, in its discretion, may alter any briefing schedule as the circumstances of a case warrant.

## REARRAIGNMENT

1. **Motions for Rearraignment**.  If the defendant(s) intends to enter a plea of guilty, defense counsel shall file a motion for rearraignment. All motions for rearraignment shall be filed no later than **fourteen (14) days** before the scheduled trial date.  **A defendant is advised that failure to comply with this filing requirement will be considered by the Court in determining whether to grant credit for acceptance of responsibility**.  *See* U.S.S.G. § 3E1.1

2. **Plea Agreements**. If the parties intend to proceed pursuant to a written plea agreement, the United States shall submit to the undersigned's chambers a copy of any proposed written plea agreement within **two (2) days** of the filing of a motion for re-arraignment.  This document shall be transmitted as an electronic attachment to *GFVT_chambers@kyed.uscourts.gov*.

## PRETRIAL

1. **Pretrial Conference**. This matter shall not be assigned for a pretrial conference, except upon motion of either party for good cause shown and at the discretion of the Court.

2. **Pretrial Filings. No later than 5:00 p.m. on the seventh day** prior to the Jury Trial, counsel shall comply with the following requirements:

   (a) file any motions *in limine*;

   (b) the **United States** shall submit for the Court's *in camera* review, a proposed witness list with a brief summary of expected testimony with an estimate as to the amount of time that will be required to present their testimony-in-chief. In addition, the defendant(s) may also submit an *in camera* proposed witness list for the Court's review;

   (c) the **United States** shall file an exhibit list. In addition, the defendant(s) may also submit an *in camera* proposed exhibit list for the Court's review;

   (d) **pre-mark** for identification purposes all exhibits intended to be used at trial in accordance with LCrR 55.2;

   (e) file a stipulation as to the authenticity of the exhibits, as well as any stipulations of fact or law which would expedite the trial of this action. Any objections as to the authenticity of the exhibits shall be heard prior to trial at a time and place to be set by the Court;

   (f) file a proposed statement of the case suitable for reading to the prospective jurors on voir dire;

   (g)  submit proposed voir dire questions for consideration by the Court. It is the practice of the undersigned to conduct the entire voir dire,

5

        incorporating both general as well as case-specific inquiries which utilizes both its own questions and many of those proposed questions submitted by counsel. *See* Fed. R. Crim. P. 24(a)(1). After conducting its own voir dire, the Court will allow counsel for both parties fifteen (15) minutes for follow-up questions; however, additional time may be permitted for good cause shown. *See* Fed. R. Crim. P. 24(a)(2); and

(h)     file proposed jury instructions on the substantive law of the case in Word format, with supporting authorities. Whenever applicable, the parties are instructed to follow Sixth Circuit Pattern Jury Instructions. If any instruction cannot be agreed to or cannot be found in Sixth Circuit Pattern Jury Instructions, the parties shall submit their proposed instructions with supporting authorities.

3.     **Court Copies**. In addition to the official copies filed with the Clerk of the Court, or those submitted for *in camera* review, the following documents shall be submitted to the undersigned's chambers electronically:

    (a)     exhibit list(s);

    (b)     witness list(s);

    (c)     statement(s) of the case;

    (d)     proposed voir dire questions; and

    (e)     proposed jury instructions.

These documents shall be transmitted as an email attachment to *GFVT_chambers@kyed.uscourts.gov* in Word format. Additionally, a "zip drive" containing the documents and/or exhibits shall be tendered to the Court prior to trial.

## **TRIAL**

1.      **Jury Composition**. As a general matter and subject to intervening orders, this Court will seat twelve (12) jurors for trial, as well as two (2) alternate jurors. The trial and alternate jurors will be chosen pursuant to the "struck jury" method. After the strikes for cause have been determined, the Court will call a round of thirty-two jurors (32) jurors, and the first twenty-eight jurors will constitute the trial juror panel and the remaining four jurors will constitute the alternate panel of jurors. Pursuant to Fed. R. Crim. P. 24(b)-(c), the Government shall have seven (7) peremptory challenges and the defendant(s) shall have eleven (11), which number includes the one additional challenge for the alternate panel. The Government shall exercise six (6) of its challenges and the defendant(s) shall exercise (10) of its challenges on the trial juror panel. These peremptory challenges shall be exercised simultaneously by the parties and the first twelve (12) jurors not stricken will comprise the Trial Jury. The remaining peremptory challenge shall be exercised as to the alternate panel. The peremptory challenges shall be exercised simultaneously by the parties and the first two (2) jurors not stricken will comprise the alternate jurors in the sequence in which they were called. *See United States v. Delgado*, 350 F.3d 520 (6th Cir. 2003).

2.      **Local Rules**. The parties are expected to fully comply with the Joint Local Rules for the United States District Court for the Eastern and Western Districts of Kentucky, and in particular with the Joint Local Rules of Criminal Practice. A copy of these Rules is available at *www.kyed.uscourts.gov*.

3. **Technology**. Counsel must demonstrate an ability to use the Court's visual presentation system for any exhibit which will be discussed by a witness or utilized during opening or closing statements. The system can display documents, x-rays, photographs, negatives and videos. The presentation system is designed to display the exhibit simultaneously to the parties, the jury, the witnesses, and the Court. First time users of the system should contact the Court's Judicial Assistant to make arrangements to view the system onsite. Although there is a witness monitor, some witnesses have difficulty reading from same, so an extra copy to hand to the witness should be readily available. A description of the system can be found at *www.kyed.uscourts.gov/courtroom-technology*.

4. **Daily Copy**. To the extent a party anticipates requesting daily copy from the court reporter, a Notice shall be filed with the Clerk of the Court no later than **seven (7) days** prior to trial.

## EXTENSIONS OF TIME

1. **Motions to Continue**. Motions to continue are generally disfavored as the Court intends to comply strictly with the provisions contained in 18 U.S.C. § 3161 (the "Speedy Trial Act"). In the event a party seeks an extension of time, it must do so by written motion in accordance with LCrR 47.1(b). Specifically, the Local Rule requires that a party seeking an extension of time must file "a motion and an affidavit demonstrating good cause" and opposing memoranda must be filed "within seven (7) days of service of the motion." LCrR 41.1(b). Further, "[e]xtensions of time by agreement of the parties are not valid in criminal cases." *Id*.

      2.      **Speedy Trial Waiver**. A defendant may not prospectively waive his or her right to a speedy trial under the Speedy Trial Act. *See Zedner v. United States*, 547 U.S. 489, 500 (2006). Therefore, any extensions of time or continuances, whether requested by the Government or the defendant(s), must meet one of the exceptions for "excludable" periods of time contained in 18 U.S.C. § 3161(h).

## REFERRAL TO MAGISTRATE JUDGE

**IT IS FURTHER ORDERED** that pursuant to 28 U.S.C. § 636(b)(1) this matter is referred to the United States Magistrate Judge assigned to the division of the Eastern District in which this case was filed for the purpose of:

      1.      Supervising discovery and pretrial proceedings;

      2.      Conducting all pretrial and status conferences, holding such hearings as may be required, and ruling on non-dispositive motions, except motions *in limine* and motions to alter the trial date. *See Banks v. United States*, 614 F.2d 95 (6th Cir. 1980). Dispositive motions, motions *in limine*, and motions to alter the trial date will be referred by the Clerk of this Court to the appropriate United States District Judge.

      This the 25th day of June, 2021.

Gregory F. Van Tatenhove
United States District Judge