UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 3:21-CR-21-GFVT

UNITED STATES OF AMERICA,                                                                                      PLAINTIFF,

V.                                                               ORDER

EDWARD LEONIDAS LEWIS,                                                                                      DEFENDANT.

Edward Lewis appeared before the Court on charges involving sexual exploitation of children, in violation of 18 U.S.C. § 2251(a), and possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). At his initial appearance in the matter the United States moved for detention under title 18, United States Code section 3142(e)(3)(D), invoking the presumption that no conditions of release would reasonably assure the defendant's appearance at future proceedings or the safety of any other and the community. The matter then came before the undersigned for a detention hearing on Friday, October 29, 2021.

At the hearing, the United States called three witnesses to testify: Lori Lewis, the Defendant's neighbor; James W. Pennington, the Defendant's former father-in-law; and Detective Anthony Gaston. The Defendant proceeded by proffer, offering that if released he would not present a danger or risk of flight.

**I.**

A defendant shall be detained pending trial if, after a hearing, the judicial officer finds that no condition or combination of conditions will reasonably assure both the defendant's appearance as required and the safety of any other person and the community. 18 U.S.C. § 3142(e)(1); see also United States v. Hinton, 113 Fed. Appx. 76, 77 (6th Cir. 2004). The indictment in this case is

enough to support a finding of probable cause to believe that an offense involving a minor victim occurred, which in turn triggers the § 3142(e) presumption of detention. 18 U.S.C. § 3142(e)(3)(E); United States v. Hazime, 762 F.2d 34, 37 (6th Cir. 1985); see also United States v. Suppa, 799 F.2d 115, 119 (3d Cir. 1986). Section 3142(e)(3)(E) establishes that in light of the current charges, "[s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed . . . an offense involving a minor victim under section. . . 2252(a)(4). . . of this title." Once the presumption of detention has been triggered the defense must produce some evidence to overcome the presumption in favor of the defendant's pretrial detention. See generally United States v. Stone, 608 F.3d 939 (6th Cir. 2010). The defendant's burden of production is relatively low in this regard; he must merely come forward with some evidence that he does not pose a danger to the community or a risk of flight. Id.; 18 U.S.C. § 3142(e)(3). Even if the defendant successfully produces some evidence to rebut the presumption, the presumption does not disappear entirely, but remains a "factor to be considered among those weighed by the district court." Stone, 608 F.3d at 945–47 (citing United States v. Mercedes, 254 F.3d 433, 436 (2d Cir. 2001)). The burden of persuasion regarding dangerousness and risk of flight remains with the government in this case. United States v. Stone, 608 F.3d 939, 945 (6th Cir. 2010)). The government satisfies its burden of persuasion by proving risk of flight by a preponderance of the evidence, and by proving dangerousness to any other person or the community by clear and convincing evidence. Hinton, 113 F. App'x at 77 (internal citations omitted). In this case, the undersigned concludes that the minimal evidence in the bond report and proffer at the hearing is insufficient to rebut the presumption in favor of detention both as to flight and risk of danger. However, even assuming that the evidence was

2

sufficient to rebut the presumption, the evidence in the case compels a finding that no conditions of release will reasonably assure the safety of any other and the community, and the defendant will be detained pending further proceedings.

Title 18 U.S.C. § 3142(g) lists the factors to consider in making the determination whether the defendant should be detained or released: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person as it relates to dangerousness to the community; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. Hinton, 113 Fed. Appx. at 77.

## II.

The Court has weighed the factors set forth in 18 U.S.C. § 3142 and has considered all available information, including the pretrial services report, the testimony of the witness and all other arguments presented, finding the following instructive:

1. **The nature and circumstances of the offenses charged**.  The testimony of Detective Gaston revealed that he and other agents went to the Defendant's residence to conduct a "knock and talk".  At that time, the Defendant consented to a search of his electronic device, but the search was discontinued when items that appeared to be child pornography were discovered. Agents then obtained a search warrant for the Defendant's premises, and upon execution seized multiple electronic devices, including two small cameras that had been concealed - one in the Defendant's bedroom and one in his bathroom.  Evidence discovered on his electronic devices included two videos of minors in various stages of undress. The minors, distant relatives of the Defendant, were unaware of the recordings.

Detective Gaston testified that a search of records in the Franklin County PVA's office

revealed evidence that the Defendant had recently sold $875,000 in real property.

As a result of the offense conduct in this case, the Defendant is charged with offenses which, upon conviction subject him to a period of not less than 25 years of incarceration. This is an enhanced penalty due to his criminal history including a prior conviction on four counts of Possession of a Matter Portraying a Sex Performance by a Minor.

The Court considers the alleged offenses and the conduct supporting the charges, crimes against children, serious and in this case involve penalties of not less than 25 years of incarceration for counts 1-5.

2. **The weight of the evidence**.  The "weight of the evidence" factor goes to evidence of dangerousness rather than guilt and is to be considered in determining whether there are any conditions which will reasonably assure a defendant's appearance and the safety of the community. Hazime, 762 F.2d at 37.  As noted, the presumption of detention was invoked based upon the charges in the indictment, as a result of which it is presumed that no conditions of release will reasonably assure the defendant's appearance at future proceedings and the safety of others in the community.  The presumption is, of course, subject to being rebutted but continues to be a factor to be weighed and considered in the ultimate analysis of detention or release on conditions. Further, the Court notes that the Defendant has presented proffer that conditions including home incarceration with electronic monitoring will address and danger or risk of fight posed by his release.  However, the Court notes that the evidence is that Lewis made statements in this case to Lori Lewis, the Defendant's neighbor, and James W. Pennington, the Defendant's former father-in-law, to the effect that he has been researching countries that do not extradite, or that he is planning to leave the country.  This, coupled with the record of his recent real estate sales yielding $875,000, indicate a very high risk of non-appearance if he is released on any conditions.  In addition, the fact that the

conduct alleged in this case occurred in his home, involved secretly recording minor relatives, and his history of prior offenses leads the Court to believe that home incarceration will not reasonably assure the safety of others, or mitigate the unacceptably high risk of nonappearance.

3. **The history and characteristics of the person**. The defendant is aged 54 years of age. He is a lifelong resident of Kentucky, having graduated from Franklin County High School in 1985. He relates being a victim of some past abuse. He is a divorced father of two children, and he has other familial ties to the area. He does not possess a passport and has not traveled internationally except as a child. He has significant assets and appears to have liquidated a large portion of those recently. He has no past history of substance abuse and no significant mental health issues.

4. **The nature and seriousness of any danger to another upon the person's release**.

In this case, the harm inflicted on others due to the crimes alleged is lasting and substantial. In addition, evidence of past conviction for possession of child pornography is extremely concerning. Finally, the Court considers that the acts alleged in the indictment occurred in his home, where relatives visit. Given the nature of the charges, the Court finds that the presumption of detention was not successfully rebutted, and the Court is further persuaded that no conditions will reasonably assure the safety of any other rand the community if the defendant is released. The Court bases these findings on the clear and convincing evidence contained in the bond report, and upon the testimony of Lori Lewis, James Pennington, and Detective Gaston.

Accordingly, for the reasons stated herein, the Court ORDERS that the Defendant is hereby committed to the custody of the Attorney-General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of the United States Court or on request or an attorney for

5

the Government, the person in charge of the corrections facility must deliver the Defendant to the U.S. Marshal for a court appearance.

The Defendant may appeal this order pursuant to 18 U.S.C. § 3145.

Signed November 2, 2021.



Signed By:
*Edward B. Atkins*  *EBA*
United States Magistrate Judge