UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON
CRIMINAL ACTION NO.: 3:21-cr-00021-GFVT-EBA

*FILED ELECTRONICALLY*

UNITED STATES OF AMERICA                                                                                      PLAINTIFF

v.        **MEMORANDUIM IN SUPPORT OF MOTION TO SUPPRESS**

EDWARD LEONIDAS LEWIS                                                                                      DEFENDANT

\*        \*        \*        \*        \*

Comes the Defendant, Edward Leonidas Lewis, by counsel, and for his Memorandum in Support of Motion to Suppress, now states as follows:

### I.        STATEMENT OF FACTS

Law enforcement executed a Search Warrant (the "Warrant") at a property described as 147 Meredith Avenue, Frankfort, Kentucky 40601. *See February 25, 2021 Search Warrant for 147 Meredith Avenue* (attached hereto as **Exhibit A**). The Warrant was issued by a Franklin County District Court Judge on February 25, 2021 based upon an Affidavit (the "Affidavit") made by Kentucky State Police Detective W.A. Gatson ("Det. Gatson"). *February 25, 2021 Affidavit for Search Warrant* (attached hereto as **Exhibit B**). Within the Affidavit, Det. Gatson averred, in pertinent part, as follows:

> The Affiant, W.A. Gatson, is a detective with the Kentucky State Police and has been a peace officer of the Commonwealth of Kentucky for a period of approximately twenty-six (26) years. The information and observations contained herein were received and made in his capacity as an officer thereof. …
>
> I, Detective W A Gatson, make this affidavit in support of a criminal investigation and humbly ask the court to search the premises known and numbered as **147 Meredith Avenue Frankfort KY 40601**. Since this affidavit is being secured for the limited purpose of securing a Search Warrant, I have not included each and every fact known to me concerning this investigation. I have set forth the facts that I believe are necessary to establish probable cause to believe that evidence, fruits

and instrumentalities of violations of the above described Kentucky Revised Statutes[1] are present at the location described above.

On the 25th day of February 2021, Detective Gatson received the following information:

An HSI investigation identified Edward L Lewis DOB ▮▮▮▮▮▮▮ at as [sic] a person of interest. HSI SA Minnick requested assistance with interviewing Mr. Lewis. Mr. Lewis was located at his residence at **147 Meredith Avenue Frankfort KY 40601**. Mr. Lewis gave consent to search his laptop and cell phone. During search it became apparent that Mr. Lewis has used his laptop to view images of child sexual exploitation. The search based on consent was stopped and Mr. Lewis was arrested.

Based on the affiant's knowledge, experience and training, Edward L Lewis has demonstrated a pattern of criminal activity related to child pornography, and there is a reasonable likelihood that the user treats child pornography as a valuable commodity to be retained and collected, a characteristic common to many people interested in child pornography.

*Id.* Based upon these statements, a Franklin County District Judge issued the Warrant and law enforcement executed a search on the residence of Mr. Lewis. As a result of the search, law enforcement seized evidence related to this case.[2]

A review of the Warrant and Affidavit makes it apparent that the Affidavit lacks in probable cause that any evidence of a crime would be found in Mr. Lewis' residence or on the items described in the Warrant that may be located therein. For this reason, and the reasons stated more fully below, Mr. Lewis' Motion should be granted, and the Court should exclude from evidence in this case any evidence obtained in the execution of the Warrant. Alternatively, the Court should

---

[1] The only Kentucky Revised Statute specifically referenced in the Affidavit is KRS 531.300 which provides definitions for legal terms of art contained within other specific statutes contained within KRS Chapter 531: Definitions for KRS 531.080, and KRS 531.310 to 531.370.

[2] The execution of the Search Warranted resulted in seizure of the following items: Samsung Galaxy Note 9; HP Pavilion Laptop Computer; Sandisk Cruzer 4GB flash drive; Sandisk 32GB flash drive 3.0; Sandisk Cruzer 16 GB flash drive; Plug-To-Cam camera; Black USB Flash Drive; Plug-To-Cam camera; Remington 870 12GA pump shotgun; Acer Aspire 520Z series Laptop; Toshiba 500 GB hard drive; QNINE NVME Enclosure with USB-C; Sandisk MicroSD card 512MB with adapter.

conduct a *Franks* hearing to determine whether to suppress evidence obtained pursuant to the Warrant as the Affidavit contains false statements, material omissions, and/or misrepresentations.

## II.    ARGUMENT

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV.  The residence is the most protected place under the Fourth Amendment, and "the right of the citizen to retreat into the home and 'there be free from unreasonable government intrusion' stands at the core of the Fourth Amendment." *United States v. Brown*, 828 F.3d 375, 381 (6th Cir. 2016) (quoting *Kyllo v. United States*, 533 U.S. 27, 31 (2001)).

The United States Court of Appeals for the Sixth Circuit has noted that "in reviewing a state magistrate's determination of probable cause [for issuance of a search warrant], the court pays great deference to [the] magistrate's findings which should not be set aside unless arbitrarily exercised." *United States v. Leake*, 998 F.2d 1359, 1363 (6th Cir. 1993), However, while a reviewing court is to give deference to the issuing judge, such deference is not boundless. *United States v. Czuprynski*, 8 F.3d 1113, 1116 (6th Cir. 1993); *see also Illinois v. Gates*, 462 U.S. 213, 239 (1983) (Courts should "conscientiously review the sufficiency of affidavits on which warrants are issued."). Moreover, when reviewing the validity of a search warrant, a court must "look only to the four corners of the affidavit" to determine whether the search was supported by probable cause. *United States v. Brooks*, 594 F.3d 488, 492 (6th Cir. 2010) (citing *United States v. Pinson*, 321 F.3d 558, 565 (6th Cir. 2003)).  The ultimate inquiry is whether the issuing judge had a "substantial basis for concluding that probable cause existed." *United States v. Carpenter*, 360 F.3d 591, 594 (6th Cir. 2004). When evaluating an

affidavit, an issuing judge must "make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit…there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

In order to determine from the Affidavit that there was a fair probability that evidence of a crime would be found upon a search of Mr. Lewis's home and the items located therein, one would have to make several inferences, and even inferences drawn upon inferences, as Det. Gatson's Affidavit fails to indicate why or how it "became apparent" to him (presumably after performing what he describes as a consensual search of Mr. Lewis' laptop and cell phone) that Mr. Lewis had viewed images of child pornography. Further, the Affidavit provides no details of the results of the alleged consensual search, why HSI considered Mr. Lewis a person of interest, or even the nature of HSI's investigation. "Affidavits that are 'so lacking in indicia of probable cause' have come to be known as 'bare bones' affidavits." *United States v. Laughton*, 409 F.3d 744, 748 (6th Cir. 2005) (citations omitted). "Such an affidavit contains only 'suspicions, beliefs, or conclusions, without providing some underlying factual circumstances regarding veracity, reliability, and basis of knowledge….'" *Id.* (quoting *United States v. Weaver*, 99 F.3d 1372, 1380 (6th Cir. 1996)). A determination of whether an officer's averment constitutes a "bare bones" affidavit can be measured only by what is in the affidavit. *Laughton*, 409 F.3d at 752 (citations omitted). Here, there was not any substantial basis set forth in the Affidavit that provided the needed probable cause for issuance of the Warrant.

      **a. Det. Gatson's Affidavit for the Search Warrant is facially deficient and lacks probable cause.**

For a search warrant to be facially valid, the affidavit or application must contain facts that indicate "a fair probability that evidence of a crime will be located on the premises of the proposed search." *United States v. Jenkins*, 396 F.3d 751, 760 (6th Cir. 2005) (quoting *United States v.*

*Bowling*, 900 F.2d 926, 930 (6th Cir. 1990)). This conclusion depends on the totality of the circumstances, *Gates*, 462 U.S. at 230, and review of the sufficiency of the evidence supporting probable cause is limited to the information presented in the four-corners of the affidavit. *United States v. Frazier*, 423 F.3d 526, 531 (6th Cir. 2005) (citations omitted). It is improper to "defer to a warrant based on an affidavit that does not 'provide the magistrate with a substantial basis for determining the existence of probable cause.'" *United States v. Leon*, 468 U.S. 897, 915 (1984). "Sufficient information must be presented to the magistrate to allow that official to determine probable cause; his action cannot be a mere ratification of the bare conclusions of others." *Id.* (internal quotations and citations omitted).

Det. Gatson's Affidavit concludes that it was apparent Mr. Lewis had used his laptop to view child pornography, but he provided nothing by way of facts supporting that conclusion. His Affidavit contains no statements describing, let alone corroborating, the findings of HSI's purported investigation; no statements indicating the reliability of any such investigation[3]; no statements detailing the results of the alleged consensual search of Mr. Lewis's laptop and cellphone, including the details of what part of either device was accessed and viewed; no statements explaining how it became apparent Mr. Lewis viewed child exploitive material on the laptop searched; no statement or evidence that would confirm the items searched belonged to Mr. Lewis; no statement explaining how the images "apparent[ly]" viewed by Mr. Lewis were

---

[3] Probable cause cannot "be made out by affidavits which are purely conclusory, stating only the affiant's or an informer's belief that probable cause exists without detailing any of the underlying circumstances upon which that belief is based." *United States v. Ventresca*, 380 U.S. 102, 109 (1965) (internal quotation marks and citations omitted). Ordinarily, "[o]bservations of fellow officers of the Government engaged in a common investigation are a plainly reliable basis for a warrant applied for by one of their number." *Id.* at 111. However, here, a "common investigation" is not described in the Affidavit. Det. Gatson only relays that SA Minnick requested assistance in an interview of Mr. Lewis and an HSI investigation identified Mr. Lewis as a person of interest. "If an affiant could simply circumvent the requirement to include a factual basis supporting probable cause by relying on the bald conclusions of another law enforcement officer, the detached and neutral magistrate required to approve the search may as well be replaced by a rubber stamp." *United States v. Underwood*, No. CR 10-863-SVW, 2011 WL 2415544 (C.D. Cal. June 16, 2011), aff'd, 725 F.3d 1076 (9th Cir. 2013).

violative of KRS Chapter 531 or otherwise depicted sexual conduct by a minor; and no statement demonstrating that Mr. Lewis had a past "pattern" of criminal activity.

Courts have found conclusory affidavits in child pornography cases, such as the Affidavit in this case, insufficient to support probable cause in issuing a search warrant.[4] For example, in *United States v. Genin*, 594 F. Supp. 2d 412 (S.D.N.Y. 2009), aff'd, 524 F. App'x 737 (2d Cir. 2013), agents with the Federal Bureau of Investigation (FBI) executed a search warrant at Genin's apartment. The affiant seeking the warrant, an FBI special agent, relied upon a summary prepared by an analyst from the FBI's Innocent Images Unit (IIU). Similarly, the special agent did not review the evidence which was the basis of the IIU analyst's summary, and the affidavit did not set forth the analyst's qualifications or experience. Moreover, the affidavit did not append the allegedly exploitative material or provide a description of the material sufficiently detailed for a magistrate to reach an independent legal conclusion that the material is indeed child exploitative material. Instead, the agent merely asserted that the material met the statutory definition of child pornography. Finding the magistrate lacked a substantial basis for issuing the search warrant, the *Genin* Court notes:

> [P]robable cause to issue a warrant must be assessed by a judicial officer, not an investigating agent. This judicial determination is particularly important in child pornography cases, where the existence of criminal conduct often depends solely on the nature of the pictures. As the district court recognized, the identification of images that are lascivious will almost always involve, to some degree, a subjective

---

[4] *See United States v. Battershell*, 457 F.3d 1048, 1051 (9th Cir. 2006) ("Officer Lobdell's terse description, absent an accompanying photograph, is insufficient to establish probable cause that the photograph lasciviously exhibited the genitals or pubic area because his conclusory statement is an inherently subjective analysis and it is unclear if the photograph exhibited the young female's genitals or pubic area. … To withstand review we must determine that the warrant application made a sufficient showing that there was probable cause for the magistrate to believe that the pictures likely to be found on [the defendant's] computer depicted (1) sexually explicit conduct; and (2) a minor engaged in that conduct."); *see also United States v. Edwards*, 813 F.3d 953, 969 (10th Cir. 2015) ("Neither his posting of child erotica nor his comments suggesting a sexual attraction to the child in the posted images established probable cause that Mr. Edwards possessed child pornography in his home. Similarly, the fact that child pornography collectors also collect child erotica, and share other common characteristics does not support an inverse conclusion that possessors of child erotica and participants in such online forums are also collectors of child pornography. While this may be true, the affidavit contains no facts to support it. Accordingly, we hold the affidavit fails to provide probable cause that child pornography would be found at Mr. Edwards's home.")

and conclusory determination on the part of the viewer. The inherent subjectivity is precisely why the determination should be made by a judge, not an agent. The Fourth Amendment requires no less[.] …

The agent who prepared the affidavit could have simply appended screenshots of the videos to his affidavit or included in the affidavit a reasonably detailed description of those videos, thus allowing the issuing magistrate—an impartial and independent judicial officer—to determine whether probable cause existed.

*Id.* at 422, 425 (citing *Gates*, 462 U.S. at 239). The *Genin* court also notes that, in future cases, an agent's failure to append photos to an affidavit, or include a reasonably detailed description thereof, would weigh against a finding of probable cause as well as against any application of the *Leon* exceptions. *See id.* at 426.

Det. Gatson's Affidavit presented to the issuing judge suffers from the same problems described in *Genin*. The Affidavit does not append, or provide any description of, the particular images referenced therein. The Affidavit merely states "it became apparent that Mr. Lewis has used his laptop to view images of child sexual exploitation." Standing alone, this statement does not create probable cause to believe that Mr. Lewis was in possession of images of child sexual exploitation. As such, the results of the search should be suppressed.

### b. The Affidavit does not provide a sufficient nexus between the alleged crime and the places and things to be searched.

"To justify a search, the circumstances must indicate why evidence of illegal activity will be found 'in a particular place.' There must, in other words, be a 'nexus between the place to be searched and the evidence sought.'" *Carpenter*, 360 F.3d at 594 (quoting *United States v. Van Shutters*, 163 F.3d 331, 336-37 (6th Cir. 1998)). In this case, the Affidavit states "[d]uring the search it became apparent that Mr. Lewis had used his laptop to view images of child sexual exploitation. The search based on consent was stopped and Mr. Lewis was arrested." While not spelled out in his Affidavit, support for Det. Gatson's conclusions is found in his "Continuation

7

Page/Supplementary Uniform Offense Report" ("Supplemental Report"), that was produced in discovery and is attached hereto as **Exhibit C**. This Supplemental Report states that when Mr. Lewis's laptop was previewed, "FE Rollins found several file names that were indicative of child sexual exploitation." *Id.* at p. 10. However, when applying for the Search Warrant, Det. Gatson not only omitted any reference to these file names in his Affidavit, but he also failed to demonstrate how or why the location of such file names on Mr. Lewis laptop created a fair probability that evidence of child pornography or exploitation would be located on other items he sought to seize and search, to wit "any and all computers, hard drives, zip drives, data bases, software, diskettes, floppy disks, CDs, DVDs, cell phones, USB/thumb drives, printers and/or any other electronic devices and/or their components of any kind capable of printing, recording, storing, transferring and/or disseminating . . . sexually explicit conduct or visual depiction of a child . . ." located at 147 Meredith Drive. Instead, Det. Gatson merely states, in conclusory fashion, that based on his knowledge, experience and training, Edward L. Lewis has demonstrated a pattern of criminal activity related to child pornography. His conclusion, whether or not borrowed from SA Minnick, is deficient when viewed through the standard set out in *Genin* and other cases within this Circuit.

      An affidavit must appropriately define the nexus between the alleged crime and the things or property to be searched. Det. Gatson's Affidavit provided no indication that Mr. Lewis had reportedly downloaded or copied items from his laptop. If Det. Gatson's Affidavit had stated how "it became apparent that Mr. Lewis used his laptop to view images of child sexual exploitation," or applied KRS 531.300 to the findings of the alleged consensual search, and more particularly, described the substance of what was allegedly depicted in the alleged child exploitation material Mr. Lewis allegedly viewed on his laptop, the Affidavit may have been sufficient to establish probable cause. These additional facts, however, were not included in the Affidavit, and the facts

8

in the Affidavit that did connect the viewing of child exploitation material to Mr. Lewis were too vague, generalized, and insubstantial to establish probable cause. Because the Affidavit does not provide a sufficient nexus between the alleged crime and the places and things to be searched, the results of the Warrant should be suppressed.

### c. The granting of the Search Warrant served as an unlawful "rubber stamp" for police activities.

"Search warrants must be approved by a 'neutral and detached' magistrate 'capable of determining whether probable cause exist[ed] for the requested arrest or search.'" *United States v. Abdalla*, 972 F.3d 838, 847 (6th Cir. 2020) (quoting *Shadwick v. City of Tampa*, 407 U.S. 345, 350 (1972)). "In other words, the authorizing judge cannot 'serve merely as a rubber stamp for the police.'" *Id.* (quoting *Frazier*, 423 F.3d at 537). Det. Gatson's Affidavit is so lacking in indicia of probable cause in this case that belief in its existence is objectively unreasonable. Further, because the Search Warrant is so facially deficient, Det. Gatson could not reasonably presume it to be valid when the search was executed in this case. *Laughton*, 409 F.3d at 748 (citing *Leon*, 468 U.S. at 914-23)).

The Affidavit does not aver that Mr. Lewis possessed images of child exploitation. It does not say what steps, if any, Det. Gatson took to establish that Mr. Lewis possessed images of child exploitation. It does not explain how it became apparent that Mr. Lewis had used his laptop to view images of child sexual exploitation, to whom it became apparent, or what the alleged images depicted. It does not apply the alleged criminal conduct to KRS 531.300, or any other state or federal criminal statute. Normally, when there is evidence to support the conclusions of an experienced officer, the court accords those conclusions some weight. *See United States v. Hoffman*, 832 F.2d 1299, 1306 (1st Cir. 1987). However, here, there is no evidence that supports any part of Det. Gatson's conclusion. He does not, for example, indicate whether he relied upon

9

an HSI Investigation to connect an IP address associated with viewing child exploitation material and Mr. Lewis or any action on his part to corroborate any findings of an HSI investigation. He indicates no investigative steps that brought him to the conclusion that "it became apparent that Mr. Lewis had used his laptop to view images of child exploitation material," such as a description of images or titles of images depicting images of child exploitation. Further, the Affidavit contains no statements of witnesses to the consensual search or of those who performed the search, no statements of witnesses to what the consensual search allegedly uncovered, no statements of how the consensual search was performed, no statement that the alleged criminal conduct was ongoing or active, and no reference to show Mr. Lewis demonstrated a "pattern" of criminal activity.

Det. Gatson's unsupported conclusions are not entitled to any weight in the probable cause determination. "Sufficient information must be presented to the magistrate to allow that official to determine probable cause; his action cannot be a mere ratification of the bare conclusions of others." *Gates*, 462 U.S. at 239. Because the granting of the Warrant in this case was an effective "rubber stamp" for police activities, the evidence seized pursuant to the Search Warrant must be suppressed.

### d. Mr. Lewis is entitled to a *Franks* hearing.

A commonsense, plain reading of the Affidavit would lead a reasonable person to conclude that Det. Gatson had located images of child sexual exploitation on Mr. Lewis's laptop. However, as demonstrated below, that simply is not true. Specifically, the Supplemental Report details investigations by Homeland Security Investigations (HSI), foreign law enforcement (FLA), and the Child Exploitation Operational Unit within the FBI. Supplemental Report at p. 1. It states the FLA is:

> known to the FBI and with a history of providing reliable, accurate information in the past, notified the FBI that FLA determined that on June 5, 2019, at 00:46:22

10

UTC, IP address 67.131.50.137, '…was used to access online child sexual exploitation material,' via a website that the FLA named and described as the Target Website. The FLA was able to identify the IP address 67.131.50.137, utilizing FLA-established legal undercover methodologies and techniques. ….

According to publicly available information, IP address 67.131.50.137, which was used to access Target Website on June 5, 2019, was registered to Electric Plant Board of the city of Frankfort, Kentucky. On November 26, 2019, a subpoena/summons was issued to Electric Plant Board of the city of Frankfort, Kentucky, in regard to the pertinent IP address. A review of the results obtained on November 27, 2019, identified the following account holder and address, which is the address of the Subject Premises:

- Subscriber Name: Edward Lewis
- Service Address: 216 Alexander Street, Frankfort, Kentucky
- Billing Address: 147 Meredith Avenue, Frankfort, Kentucky
- Start of Service: May 6, 2019
- End of Service: June 10, 2019
- Account IP: 67.131.50.137

…

Based on the aforementioned information, the decision was made to conduct a knock-and-talk. On 02/25/2021, Special Agent Brian Minnick (HSI), Special Agent Brandon Even (HSI) and I went to 216 Alexander Street, Frankfort, Kentucky 40601, and attempted to make contact with Mr. Edward L. Lewis (DOB: ). A young lady answered the door and advised that, while Mr. Edward L. Lewis (DOB: ) did own the property, he lived at 147 Meredith Avenue, Frankfort, Kentucky 40601.

We went directly to 147 Meredith Avenue, Frankfort, Kentucky 40601. Mr. Edward L. Lewis (DOB: ) answered the door. I explained to him that we were there conducting a criminal investigation in reference to child exploitation files. I advised him that he was not under arrest and could ask us to leave at any time. Mr. Edward L. Lewis (DOB: ) advised he had been on the Dark Web but was not in possession of any child sexual exploitation. I asked if he would give consent to search, which he did (see attached KSP 023).

I called the Electronic Crime Branch and requested a forensic examiner. Forensic Examiner (FE) Jason Rollins, Unit 1618, responded and began a preview of a Samsung Galaxy Note 9, blue-in-color, no identifiers, and an HP Pavilion laptop computer, Model: 3165NGW, S/N: 5CD62235P. During the preview, FE Rollins found several file names that were indicative of child sexual exploitation. During the search, it became apparent that Mr. Edward L. Lewis (DOB: ) had used his laptop to view images of child exploitation. The search, based on consent, was stopped.

11

*Id.* at p. 4. On page 5, the Supplemental Report states that "[s]everal files depicting child sexual abuse were available on the Target Website when the user connected to IP address 67.131.50.137 and accessed the site." *Id.* Presumably, other files not depicting child sexual abuse were also available on the Target Website at that time. The Supplemental Report, however, is silent about what part of the Target Website the IP address associated with Mr. Lewis accessed, and whether that part of the Target Website depicted images of child sexual exploitation. More so, on page 10 of the Supplemental Report, Det. Gatson indicates that he advised Mr. Lewis "it had become apparent that he had used his laptop to view images of child exploitation and [he] was going to place him under arrest." *Id.* Det. Gatson did not advise Mr. Lewis that he had located such images on his laptop. If, in fact, the file names that were discovered on the initial review were not suggestive of material depicting images of child sexual exploitation, but rather, were stories concerning child sexual exploitation, then Det. Gatson's Affidavit is misleading, and a *Franks* hearing is required.

    Of additional concern are the facts that Det. Gatson omitted from his Affidavit the connection of 216 Alexander Street, a property not occupied by Mr. Lewis at the time of the search, to the apparent viewing of online child exploitation material, and that he failed to advise of the passage of time involved in the investigation. Such omissions further misled the issuing judge. Finally, upon information and belief, law enforcement searched items at the subject premises in addition to the laptop and cell phone, and the results of the "preview" search of the cell phone and other item(s) are omitted from Det. Gatson's Affidavit. These facts would have been pertinent to the issuing judge's probable cause review.

    The United States Supreme Court has held that a search warrant is invalid under the Fourth Amendment when "the supporting affidavit contains a statement, necessary to the finding of

12

probable cause, that is later demonstrated to be false and included by an affiant knowingly and intentionally, or with a reckless disregard for the truth." *United States v. Duval*, 742 F.3d 246, 250 (6th Cir. 2014); *see also Franks v. Delaware*, 438 U.S. 154 (1978). This "extends to circumstances which an officer omits evidence in a search-warrant affidavit that is critical to determining the existence of probable cause." *Id*. at 251 (citing *Carpenter*, 360 F.3d at 596 ("[T]his court has recognized that material omissions [from an affidavit] are not immune from inquiry under *Franks*."). If a defendant establishes that the false statement was made knowingly and intentionally, the Court must then put the statement to the side, and evaluate probable cause based upon the remaining allegations. *United States v. Poulsen*, 655 F.3d 492, 504-05 (6th Cir. 2011). "If, when the alleged false misstatement is put aside, the affidavit no longer provides the court with probable cause, then a *Franks* hearing is warranted." *Id*. (citing *United States v. Mastomatteo*, 538 F.3d 535, 545 (6th Cir. 2008)).

Here, Det. Gatson's conclusion that it was "apparent" Mr. Lewis used his laptop to view images of child sexual exploitation is a clear misrepresentation and/or contains a material omission, as the Supplemental Report only references the discovery of file names on Mr. Lewis' laptop. Further, the details within the Supplemental Report regarding the connection of another property address associated with the subject IP address as well as passage of time between when that IP address accessed the Target Website are omitted from the Affidavit, and such omission also amounts to a misrepresentation and/or material omission. As such, Mr. Lewis is entitled to a *Franks* hearing so that the Court may determine whether the misrepresentations and/or omissions of Det. Gatson invalidate the Search Warrant, mandate Det. Gatson's conclusions contained within the Affidavit be set aside, and so that the Court may evaluate probable cause on the remaining allegations.

13

### III. CONCLUSION

A review of the Warrant and Affidavit in this case leads to only one conclusion: The Affidavit is completely lacking in probable cause to believe that any evidence of a crime would be found in Mr. Lewis' residence or in the items described in the Warrant that may be located therein. Mr. Lewis' Motion should be granted, and the Court should exclude from evidence in this case any evidence obtained in the execution of the Warrant. Alternatively, the Court should conduct a *Franks* hearing and suppress evidence obtained pursuant to the Warrant as the Affidavit contains false statements, material omissions, and/or misrepresentations.

> Respectfully submitted,
>
> MCBRAYER PLLC
> 201 E. Main Street, Suite 900
> Lexington, KY  40507
> (859) 231-8780
> dguarnieri@mcbrayerfirm.com
> tnichols@mcbrayerfirm.com
>
> */s/ David J. Guarnieri*
> DAVID J. GUARNIERI (KY BAR 86252)
> TREVOR M. NICHOLS (KY BAR 98133)
> ATTORNEYS FOR DEFENDANT,
> EDWARD LEONIDAS LEWIS

### CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of November, 2021, a true and correct copy of the foregoing was served via electronically with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

> */s/ David J. Guarnieri*
> DAVID J. GUARNIERI

4881-6507-7764, v. 1