1              UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF KENTUCKY
2               CENTRAL DIVISION FRANKFORT

3

   UNITED STATES OF AMERICA,
4
          Plaintiff,
5
                             Docket No. 3:21-CR-21
6  VS.                       At Frankfort, Kentucky
                             Wednesday, July 6, 2022
7                            10:27 a.m.
   EDWARD LEONIDIS LEWIS,
8
          Defendant.
9                       - - -

10      TRANSCRIPT OF SENTENCING PROCEEDINGS BEFORE
      U.S. DISTRICT JUDGE GREGORY F. VAN TATENHOVE
11                      - - -

12
   APPEARANCES:
13
   For the United      DAVID A. MARYE
14 States:             Assistant United States Attorney
                       260 West Vine Street
15                     Suite 300
                       Lexington, Kentucky  40507-1612
16                     (859) 685-4873

17 For the Defendant:  DAVID J. GUARNIERI
                       McBrayer PLLC
18                     201 East Main Street
                       Suite 900
19                     Lexington, Kentucky  40507
                        (859) 231-8780
20
   Court Reporter:     SANDRA L. WILDER, RMR, CRR
21                     Official Court Reporter
                       313 John C. Watts Federal Building
22                     330 West Broadway, Suite 327
                       Frankfort, Kentucky  40601
23

24        Proceedings recorded by mechanical stenography,
        transcript produced by certified court reporter.
25

1          *[Proceedings commenced at 10:27 a.m. in open*
2  *court]*
3          THE COURT:  Thank you.
4          Good morning, ladies and gentlemen.
5          Madam Clerk, call the pending matter, please.
6          COURTROOM DEPUTY:  Yes, Your Honor.
7  Frankfort Criminal Action 21-CR-21, United States of
8  America versus Edward Lewis, this matter being called
9  for sentencing, Your Honor.
10          THE COURT:  Thank you.
11          Counsel, thanks for your patience this
12  morning.
13          State your appearances, please.
14          MR. MARYE:  David Marye on behalf of the
15  United States, Your Honor.
16          THE COURT:  Mr. Marye.
17          MR. GUARNIERI:  Good morning, Your Honor.
18  David Guarnieri for the defendant Edward Lewis.
19          THE COURT:  Mr. Guarnieri, good to have you
20  in federal court as well.
21          This matter is called on my docket,
22  Mr. Lewis, to impose a sentence in your case.
23          And you'll recall when you decided to plead
24  guilty, we directed the United States Probation Office
25  to prepare a presentence report.

1          Did you get a copy of that document?

2          THE DEFENDANT:  Yes, Your Honor.

3          THE COURT:  I just want to make sure that you

4  have seen it and had a chance to sit down with

5  Mr. Guarnieri and asked any questions you might have.

6  Has that occurred?

7          THE DEFENDANT:  Yes, we discussed it at

8  length.

9          THE COURT:  Okay.  And have you been

10  satisfied so far with the advice and the counsel, the

11  representation you've received in this case?

12          THE DEFENDANT:  Yes, Your Honor.

13          THE COURT:  Mr. Marye, I know the government

14  would have received a copy of that report.  Do you

15  have any objections to any of the information that's

16  contained in it?

17          MR. MARYE:  No, Your Honor.  There was just

18  clarifications that I submitted regarding monetary

19  information, I guess.

20          THE COURT:  All right.

21          And then, Mr. Guarnieri, I'm not aware of any

22  objections that you've filed.

23          MR. GUARNIERI:  Well, anything we've -- they

24  fall in the category of clarifications as well, and

25  they've been addressed in the addendum.

1          THE COURT:  Okay.

2          MR. GUARNIERI:  So there's certainly no

3  unresolved objections.

4          THE COURT:  Well, I'm going to adopt and

5  accept the findings that are contained in that report.

6  I'm going to specifically find that the recommended

7  sentence in that report was correctly calculated.

8  We'll file that in the record.

9          It will be filed under seal.  It's got a lot

10  of confidential information, Mr. Lewis.  We do not

11  make that public.  It's not a document that's going to

12  be publicly available.

13          If there were to be an appeal, those judges

14  and lawyers and parties, of course, would have access

15  to it, but otherwise, it's not publicly available.

16          There was a plea agreement in this case.  So

17  with that mind, Mr. Marye, do you have any motions

18  that you need to make on behalf of the United States?

19          MR. MARYE:  Yes, Your Honor.  And I think the

20  plea agreement said that the plea was to the

21  indictment.  It was actually a superseding -- a count

22  in the superseding indictment.  I apologize for that

23  mistake, and so we need to dismiss the remaining

24  counts of the superseding indictment, as well as the

25  original document.

```
 1          THE COURT:  So part of the deal for pleading
 2  guilty is that you would not be held accountable for
 3  every charge brought against you, and so the
 4  government's now made a motion with regard to the
 5  remaining counts in the underlying indictment.  He
 6  pled guilty to the superseding indictment; is that
 7  what you're saying?
 8          MR. MARYE:  Yes, Your Honor, Count 1.
 9          THE COURT:  Yeah.  So we'll dismiss that,
10  consistent with the plea agreement.
11          And then the third level?
12          MR. MARYE:  Yes.  I'm sorry, Your Honor.  The
13  United States would move the Court to reduce the -- by
14  the third level for acceptance of responsibility for
15  it being timely.
16          THE COURT:  You probably know that if you'd
17  gone to trial and been convicted the recommended
18  sentence might have been higher in this case; it's not
19  always, but it might have been higher in this case.
20          For you to receive full credit for pleading
21  guilty requires the government to make a motion at
22  sentencing, and Mr. Marye's now done that, and I'll
23  grant that motion.
24          All that was contemplated as part of your
25  presentence report.  We include that up front.  The
```

1  expectation is that you'll get that credit.  I just

2  want to assure you, you've gotten full credit, to the

3  extent that it applies, for pleading guilty in this

4  case.

5       Well, any time a judge makes a decision about

6  a sentence, he or she considers seven different

7  factors.  And I'm going to let Mr. Marye address those

8  factors on behalf of the United States, and

9  Mr. Guarnieri can address those factors on your

10 behalf.

11      Before I make a final determination, though,

12 you have a right to make a statement or provide

13 information, and I certainly respect that right and

14 will give you as much time as you like.

15      Now, you don't have to say anything, and I

16 don't hold it against you if you choose not to, but

17 we'll be pleased to hear from you if there's anything

18 else you would like to say.

19      Do you understand how we're going to proceed?

20      THE DEFENDANT:  Yes, Your Honor.

21      THE COURT:  All right.  Mr. Marye.

22      MR. MARYE:  Thank you, Your Honor.

23      Among those factors that the Court is

24 required to consider under Title 18, 3553, here, the

25 nature and circumstances of the offense and the

history and characteristics of the defendant.  And, of
course, that's well set out in the presentence report
that the nature and circumstances of the offense are
really horrible.  I mean, it involves a breach of
trust with sort of a family member.

There's a little discrepancy in paragraph 14
of the PSR.  According to the defendant, Minor Victim
1's father's mother was married to the defendant's
mother's third cousin.  And I believe that the
victim's father had reported to me that his mother had
been married to the defendant's second or third
cousin.

But regardless, there's some sort of, albeit
distant, perceived family relationship that would
involve a measure of trust, and that was violated by
Mr. Lewis in this particular instance.

The history and characteristics of the
defendant, and the Court is well aware of his
previous, you know, possession of child pornography,
so that is certainly concerning.

The sentence imposed, I guess I feel like
we're a little in an unusual situation in that the
guideline calculation's actually less than the
statutory mandatory minimum sentence of 25 years.  So
I don't know if, you know, there's really a whole lot

of leeway here.  Obviously the Court could go above
that.  The United States did not ask for a sentence
any greater than that, feeling that that was a
sufficient but not greater than necessary sentence to
address everything, and particularly in light of the
fact that it meets the statutory mandatory minimum
sentence.

Such a sentence, I think, will reflect the
seriousness of the offense and promote respect for the
law and provide a just punishment for this offense,
and hopefully, it would also afford adequate
deterrence to future criminal conduct, either by this
defendant or by others who might be contemplating
similar actions, and, of course, one of the factors to
protect the public from the crimes of the defendant.

And then again, to provide him with needed
educational or vocational training, medical care or
other correctional treatment.  I'm not sure that --
about what kind of educational or vocational training
he needs in that he's had a trade of sorts in terms of
being a landlord and taking care of properties.

Another factor, of course, are the kinds of
sentences available.  And again, because of the
mandatory minimum sentence, judge, obviously, again,
the Court could go above, but the United States has

1  not asked for such in this case.

2      That takes into, I think, account the

3  category of the offense and the -- any policy

4  statements that might be involved in that.  Again,

5  because of the mandatory minimum sentence, the Court

6  really has no way to go to the guideline sentence as

7  the guidelines are calculated.

8      The need to avoid unwarranted sentencing

9  disparities among defendants with similar records.

10  And I think I put in my sentencing memorandum some

11  information, and so I think again, because of the

12  mandatory minimum sentence, that will certainly be a

13  sentence that will be sufficient but not greater than

14  necessary.

15      And then finally, there's the need to provide

16  restitution to the victims.

17      The only restitution claim is in paragraph 81

18  of the revised PSR, and I believe there's now been an

19  agreement between the defendant and the counsel and

20  the victim's counsel in that particular instance to

21  agree on a $5,000 amount of restitution.  It's that

22  Chelsea victim series, and I would ask that that be

23  made payable to that person.  I don't know, because he

24  has reserved the right to appeal the denial of the

25  suppression motion, I suppose that would not be set

1   until the Sixth Circuit rules on that.

2           THE COURT:  So there were obviously other

3   victims here, kind of familial victims, but there was

4   no request for --

5           MR. MARYE:  There has not been any -- there's

6   not been any compensatory -- no treatment, no

7   psychological testing or anything of that nature to

8   have that.  So we don't have any kind of a monetary

9   request at this time on that.

10          THE COURT:  Do you anticipate there may be

11  one in the future or ...

12          MR. MARYE:  If there is some treatment sought

13  and compens -- you know, compensation could then be

14  measured, yes, I suppose we could always ask for that

15  in the future.

16          I'm not sure the mechanism now if it would be

17  a part of the supervised release or something that

18  could still be determined in the future, and

19  obviously, the victim's family could always bring a

20  civil suit themselves against the defendant.

21          Also, Your Honor, we'd ask the Court to, of

22  course, include forfeiture of the -- forfeiture

23  allegation, and then the -- to find whether the

24  defendant is indigent.  And I would submit that he is

25  not, and that the $5,000 fine under Title 18, Section

1   3014 should be imposed in this case.

2          I believe the PSR reflected he had at least a
3   worth of $120,000, and that was a clarification I had
4   requested in that there was some testimony, I guess,
5   at the detention hearing that he -- maybe he claimed
6   he had a million dollars and sold some properties
7   upwards of $800,000.  But I don't know that that's
8   been able to be verified by the probation office to
9   have that amount of money available to the defendant.
10  But I did believe he said a bitcoin evaluation of
11  $120,000 was in the presentence report.

12         With that, the United States would ask the
13  Court to, you know, impose the sentence, the mandatory
14  minimum sentence of 25 years.  And the United States
15  did not push for a fine in the sentencing memorandum.
16  Obviously, the Court can impose a fine as outlined in
17  the presentence report.

18              THE COURT:  Okay.

19              MR. MARYE:  That's it.

20              THE COURT:  Thank you, Mr. Marye.

21              Mr. Guarnieri.

22              MR. GUARNIERI:  Thank you, judge.

23         Your Honor, given the statutory mandatory
24  minimum of 300 months in this case, I don't have a
25  whole lot to say about the sentencing factors

1  themselves.

2       My client will be 55 years old later this

3  month.  So the imposition of the sentence that the

4  government is requesting here, 300 months, which is

5  the mandatory minimum, puts Mr. Lewis up into his late

6  70s before he would be eligible for release if he's

7  not successful with the reserved issue for appeal.

8  So, you know, his prior conduct is reflected in that

9  increased mandatory minimum.

10      I would point out that in rebuttal to one

11  thing the government said, but beyond that, there's

12  not a whole lot for me to say in counterance of what

13  Mr. Marye's offered as to the government's analysis in

14  the sentencing factors.  I don't know that I've got a

15  position contrary to what he advocates.  And

16  certainly, I have no basis to ask for a sentence lower

17  than 300 months, and the government is not asking for

18  a sentence over 300 months.

19      So unless there's any specific issues you

20  want me to address, I'll simply indicate that I think

21  the sentence of the government, which is consistent

22  with the statute, would be appropriate in these

23  circumstances.

24      Mr. Marye does correctly indicate that

25  Mr. Lewis has authorized me to agree to a $5,000

1 restitution request that was made on behalf of the

2 child identified in this instance as Chelsea.

3          I think we've already agreed to a preliminary

4 order of forfeiture, but if we haven't, there's

5 certainly no objection to the forfeiture request.

6          I don't disagree that Mr. Lewis qualifies for

7 the enhanced $5,000 special assessment.  I would

8 indicate that the special assessment, combined with

9 the restitution amount, is a total of $10,000.

10          When you're talking about somebody that's 55

11 years old, is headed for the penitentiary and has a

12 net worth of roughly $120,000, that -- and they're

13 going to have ongoing legal expenses at least through

14 the appeal, I would ask the Court not to impose a fine

15 in these circumstances.  I think the custodial

16 sentence and the other financial obligations are

17 sufficient in this case.

18          THE COURT:  All right.  Well, thank you

19 Mr. Guarnieri.

20          Mr. Lewis, we're going to have you come stand

21 at the podium, if you would, please, just take your

22 take your time, and your lawyer can accompany you.

23          And then I'm pleased to hear anything else

24 you might have to say.  Again, you don't have to make

25 a statement, but I'll be pleased to hear from you.

1          THE DEFENDANT:  I have nothing to say, Your

2    Honor.

3          THE COURT:  All right.  Well, let me talk

4    about these factors that I'm required to consider in

5    making a decision about a sentence, and then I'm going

6    to set out the sentence in this case.

7          I do have a recommendation.  The statutory

8    mandatory minimum is 25 years.  And as Mr. Marye has

9    pointed out, the recommended sentence actually falls

10   below that.  But because there's a statutory mandatory

11   sentence, that becomes the recommended sentence of 25

12   years.  And there's no need to hide the ball.

13   Everybody's in agreement that's a significant amount

14   of time.  You'll be in your 70s before you're

15   released, and I think that's going to be a sufficient

16   sentence in this case, but I want to talk about these

17   other factors because I have considered them.

18          And the second one requires me to consider

19   certain policy statements that are made as part of the

20   guideline, that recommended sentence.  I certainly

21   always do that, to the extent that they apply.  And

22   then that brings me to the third factor.

23          It requires me, Mr. Lewis, to accomplish

24   several different things.  One thing I have to do is

25   reflect the seriousness of the crime.  And 25 years is

1  a long time for you to lose your liberty, and that

2  certainly reflects the seriousness of your conduct in

3  this particular case.

4          You know this, and it's certainly true, that

5  the harm that is caused by your conduct has life-long

6  consequences for the victims.  It's the kind of thing

7  that they wake up every day and have to deal with and

8  they struggle with.  And many victims are able to live

9  contented and productive lives, but many really

10 wrestle with that and struggle with it.  It's

11 sometimes related to a physical harm, but it's even

12 worse in some ways because it's that deep

13 psychological harm that comes from abuse.  And so

14 that's one of the reasons that this sentence is so

15 long and it's -- it also -- you know, the hope is, it

16 promotes respect for the law.  It puts to rest any

17 sense of argument that somehow this isn't an egregious

18 crime, that somehow it's okay or somehow it's -- you

19 know, we have the wrong attitudes about sexual abuse

20 in these cases.  The community is saying very directly

21 and very strongly that that's not the case and that

22 it's harmful conduct.  And the hope, too, is that it

23 will deter others from engaging in the same conduct.

24          Under this factor, I'm to consider whether or

25 not the sentence is -- should be crafted to protect

1  the public from future crimes.  There's a sense in

2  which that will be true, and for 25 years, or at least

3  85 percent of that amount of time, you'll not be in

4  the public, you'll have your liberty restricted, and

5  so any temptation to kind of continue to engage in the

6  conduct you were engaged in will be thwarted by that.

7          And then you'll be released at an age in

8  which we're going to be able to put some supervision

9  in place, put some guardrails in place to make sure

10 that the public is safe.  So I don't think there's a

11 need to add any additional time in order to accomplish

12 that.

13         You do need help.  You're struggling with a

14 behavior, and you're acting out on behavior that can

15 be treated and needs to be treated.  It needs -- you

16 know, you need to kind of come to terms with the fact

17 that there is in many ways something broken in you

18 that has caused you to make these choices.

19         Now, that's true in many ways for lots of

20 people in different forms where they -- whether it's

21 alcoholism or a drug addiction, or in your case, an

22 addiction and a predilection with regard to child

23 pornography and the production of child pornography.

24         But we in a just society expect people to

25 make good choices, even when it's hard.  Maybe there's

1   reasons that you were drawn to that behavior.  Maybe

2   it's harder for you than it would be for someone else

3   to avoid that behavior, but that's not an excuse.  And

4   it's -- you have to face those limitations in

5   yourself, and we'll try to help you, provide some help

6   in terms of treatment and programming that will help

7   you come to terms with that.

8           And then finally, there has to be a

9   punishment; it has to be just under this particular

10  factor, and I do think the 25 years is a just

11  punishment.

12          It doesn't matter if you're remorseful or if

13  I'm convinced that you've kind of turned over a new

14  leaf.  You owe society a debt for having engaged in

15  conduct that harms the community, and the way we're

16  going to have you pay that debt is take your liberty

17  away from you for a significant amount of time.

18          I do want you to be confident as I turn to

19  the next factor that judges do think about the person

20  who's standing in front of them.

21          The nature and circumstances of specifically

22  what you did, there's not much more to say about that.

23  It is horrendous, to use Mr. Marye's words.  Any time

24  an adult takes advantage of those who their

25  responsibility in life to make safe and takes

1  advantage of a vulnerable child, it's a horrendous

2  act.  But I think the 25 years reflects a fair

3  sentence as it relates to that.

4          And then in terms of your history and

5  characteristics, you know, you're a smart guy, you're

6  educated, you've -- you know, had work, you know, that

7  a lot of people couldn't do, and a career, and yet

8  you've got this kind of dark place.  And it could be

9  that -- and the studies are conflicting about this --

10  it could be that this is, you know, related to kind of

11  abuse issues that you faced in the past that kind of

12  manifest itself in this behavior of you going forward.

13  But, you know, it's particularly tragic in a lot of

14  ways.  And to see someone kind of lose this much of

15  their freedom for this long because of this behavior

16  who also has a lot of potential, and I recognize that.

17  I recognize that, you know, we're all kind of a

18  combination of positive characteristics and those

19  things that, you know, everybody struggles with, and a

20  lot of different kinds of things that people struggle

21  with.  But this is one that's had a very serious

22  detrimental effect on the community, and it will be a

23  serious sentence because of that.

24          I've considered the different options I have

25  available to me, but this is a case in which a long

1  period of incarceration, followed by supervision, is

2  going to be required.

3          I think lifetime supervision is appropriate

4  here.  I often think about, you know, the fact that

5  these victims are going to spend the rest of their

6  lives dealing with the abuse that took place.  And in

7  your case, although you'll be in your 70s, it might be

8  that the supervision could be discontinued at some

9  point.  We'll defer that decision until that time

10 and -- but put in place the lifetime supervision,

11 which given kind of not only the possession to viewing

12 the child pornography in this case, but also the

13 acting out in terms of production, I think's

14 particularly important.

15         We have a lot of conditions that we put on

16 sex offenders to kind of keep the guardrails in place

17 and protect the public, but we also in recent years

18 have put a lot of discretion in the hands of our

19 probation office so that these limitations aren't

20 necessarily mandatory.  They're going to be tailored

21 very carefully by the person working with the

22 supervisee to what's appropriate.  And so although

23 they are very specific and detailed, there also is a

24 lot of flexibility so that the probation officer can

25 determine the appropriate way those restrictions

1  should be imposed.

2        I do agree as it relates to restitution, we

3  need to impose it here.  There's an agreed upon

4  amount.  My intent will be to impose it.   I want to

5  give some thought to whether we can have a period of

6  time in which there's a request from additional

7  victims in this case.  It doesn't sound like that'll

8  happen, but it seems like we may need to do that.  We

9  can't just leave it open indefinitely.  But to the

10  extent that there might be an additional request, you

11  know, we can have a period of time to allow that to

12  happen.

13        There'll be a special assessment of $100 for

14  the count that you pled guilty to, but I think the

15  additional assessment in these cases of $5,000 is

16  appropriate.

17        I'm not going to impose a fine in this case

18  just because of the limited assets, and the potential

19  for additional requests as it relates to the victims,

20  and I would want that -- those funds to be available

21  for that purpose as opposed to the fine.

22        So I'm going to articulate the sentence,

23  counsel.  If there's no legal objection to the

24  sentence or the process we've used here this morning,

25  it will be imposed as follows:

1          Pursuant to the Sentencing Reform Act of
2    1984, as modified by the subsequent case law, I do
3    find that the following sentence is sufficient, but
4    not greater than necessary, to comply with the
5    purposes of 18 United States Code, Section 3553(a).
6          Accordingly, it's the judgment of the Court
7    that the defendant Edward Leonidis Lewis is hereby
8    committed to the custody of the Bureau of Prisons to
9    be imprisoned for a term of 300 months.
10          I will recommend that you participate in a
11    sex offender treatment program.
12          And then when you're released, you're going
13    to be placed on supervised release for a life term.
14          Within 72 hours of your released from the
15    custody of the Bureau of Prisons, you'll be required
16    to report in person to the probation office in the
17    district you're released.
18          And while on supervised release, you must not
19    commit another federal, state, or local crime, you
20    must comply with the mandatory and standard conditions
21    that are set forth in the judgment and commitment
22    order that have been adopted by the Court, and you
23    must comply with the following conditional conditions:
24          You must not possess a firearm, destructive
25    device, ammunition, or dangerous weapon.

1       Typically, I would impose a drug testing
2   condition, but I think you're a low risk of any future
3   substance abuse.  I don't have any record that that's
4   been a problem, so I'm going to suspend that
5   requirement in this case.
6       We do have a group of special conditions
7   which we've adopted in this district as it relates to
8   sex offenders, and I will impose those:
9       First, you'll be required to participate in a
10  program for treatment of mental health or sexual
11  disorders.
12      You'll have to undergo a sex offender risk
13  assessment, psychosexual evaluation and/or other
14  evaluation as needed, and you'll be subject to
15  periodic polygraphic examinations and/or computer
16  voice stress analysis testing at the discretion and
17  direction of the probation officer, and follow the
18  rules and regulations of the sex offender treatment
19  program as implemented by the probation office.
20      Your residence and employment must be
21  preapproved by the probation officer in compliance
22  with state and local laws.
23      You must not frequent or volunteer, work at
24  places where children under the age of 18 congregate;
25  it'd be like playgrounds and swimming pools and day

1　care centers, youth centers, unless you get approval.
2　You might have a circumstance where that would be
3　approved by the probation officer.  And, of course,
4　you can have no contact with the victims in this case.
5　　　　　You must not associate or have verbal,
6　written, telephonic or electronic communication with
7　any person under the age of 18 without the permission
8　of the probation officer.
9　　　　　This doesn't apply to ticket vendors or
10　cashiers or waiters or anybody you have to deal with
11　in the normal course of receiving commercial services.
12　　　　　You must not possess, view, listen to or go
13　to locations where any form of pornography,
14　sexually-stimulating performances or sexually-oriented
15　material, items or services are available, and you
16　must not possess or use a device capable of creating
17　pictures or video again, without the approval of the
18　probation officer.
19　　　　　You must not rent or use a post office box or
20　storage facility without the approval of the probation
21　officer.  It's sometimes used as a way to get around
22　some of these rules, and so we prohibit you from doing
23　that.
24　　　　　And then you'll, of course, have to register
25　as a sex offender as prescribed by state law.

1          You must not possess or use a computer, or
2    any device, with access to any online computer service
3    at any location, including your place of employment,
4    without the prior written approval of the probation
5    officer.  And this includes any internet service
6    provider, bulletin board system, or any public or
7    private network or email system.
8          You must consent to the U.S. Probation Office
9    conducting unannounced examinations of your computer
10   system, if you're allowed to have one, and
11   internal/external storage devices, which may include
12   retrieval and copying of all memory from the hardware
13   or software, and/or removal of such systems for the
14   purpose of conducting a more thorough inspection, and
15   consent to having installed on your computer any
16   hardware or software to monitor your computer use or
17   prevent access to particular materials, and consent to
18   periodic inspection on any installed hardware or
19   software to ensure that it's functioning properly.
20         You must provide the U.S. Probation Office
21   with accurate information about your entire computer
22   system and internal or external storage devices, all
23   the passwords that you use, and will abide by all the
24   rules of the computer restriction and monitoring
25   program.

1       We put those restrictions in place to allow

2  you access to a computer, but we want to make sure

3  it's not being used for an improper purpose.

4       You must submit your person, residence,

5  office, vehicle or any property under your control to

6  a search conducted by the United States Probation

7  Office at a reasonable time and in a reasonable manner

8  based upon reasonable suspicion of contraband or

9  evidence of a violation of a condition of release.

10      Failure to submit to a search may be grounds

11  for revocation of supervision, and you must inform any

12  other residents that the premises may be subject to

13  searches pursuant to this condition.

14      Further, you must provide to the probation

15  officer with access to any requested financial

16  information.  We include this special condition as a

17  means to allow the U.S. Probation Office to monitor

18  purchase of electronic and other peripheral devices,

19  as well as any Internet service either subscribed to

20  or accessed by you.

21      Restitution in an amount to be determined

22  will be due immediately, and any outstanding balance

23  owed upon commencement of incarceration must be paid

24  in accordance with the Federal Bureau of Prisons

25  Inmate Financial Responsibility Program, and any

1  outstanding balance owed upon commencement of

2  supervision must be paid according to a schedule set

3  by subsequent orders of the Court.

4         I am going to defer the final number for 45

5  days.  That will allow any additional victims to make

6  a request, and we'll do that pursuant to statute that

7  allows further deferral of the judgment as it relates

8  to restitution.

9         Based on your financial profile, the fact

10  that there will be at least the $5,000 of restitution

11  in this case, I'm going to waive the fine in this

12  matter.

13         I will order you to pay, though, the $5,000

14  JBTA special assessment, and further order you to pay

15  the $100 special assessment, which will be due

16  immediately.

17         The parties have agreed that the forfeiture

18  should be included as part of the judgment, to the

19  extent that it needs to, and that'll be included as

20  well.

21         Counsel, let me see if there's any legal

22  objection to the sentence I've just articulated or the

23  process we've used this morning to impose the

24  sentence.

25         Mr. Marye?

1        MR. MARYE:  No, Your Honor, no legal
2  objections and no objections to the process.
3        THE COURT:  Mr. Guarnieri?
4        MR. GUARNIERI:  No objections either, Your
5  Honor.
6        THE COURT:  Well, I'll order the sentence
7  ordered be imposed as I've stated it.
8        Now, I'm required to notify you of your
9  appeal rights.  You have maintained some significant
10  appeal rights in this case, and this is just simply a
11  notice.
12        So take a moment.  When you're comfortable,
13  sign it.  If you want to talk to your lawyer, that's
14  fine.  And keep a copy so you have a copy of this
15  notice for your records, Mr. Lewis.
16        [DEFENDANT AND COUNSEL CONFERRING]
17        THE COURT:  The defendant has signed the
18  notice of appeal rights.
19        We'll further order a judgment of the
20  conviction be prepared and entered in the record, and
21  expect that'll be done promptly.
22        Mr. Lewis, have you understood these
23  proceedings?
24        THE DEFENDANT:  Yes, Your Honor.
25        THE COURT:  Any questions about what's

1 happened here today?

2        THE DEFENDANT:  No, Your Honor.

3        THE COURT:  All right.  Mr. Marye, have we

4 missed anything?  Anything else that we need to

5 address for the United States?

6        MR. MARYE:  No.  Thank you, Your Honor.

7        THE COURT:  Okay.  Mr. Guarnieri --

8        MR. GUARNIERI:  I don't believe so.

9        THE COURT:  -- anything else on behalf of

10 your client?

11        Thank you, counsel, for your representation.

12        Good luck to you, Mr. Lewis.  You, of course,

13 will be remanded to continued custody.

14        We'll stand in recess pending the next item

15 on my docket.

16        *[END OF PROCEEDINGS - 11:02 a.m.]*

17              * * * * *

18           C E R T I F I C A T E

19

20        I, SANDRA L. WILDER, RMR, CRR, certify that

21 the foregoing is a correct transcript from the record

22 of proceedings in the above-entitled matter.

23

24 /s/ Sandra L. Wilder RMR, CRR     Date of Certification:
Official Court Reporter         October 11, 2022

25