UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Crim. No. 3:21-cr-00021-GFVT |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| EDWARD LEONIDAS LEWIS, ) | **&** |
| ) | **ORDER** |
| Defendant, ) | |
| ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on a Motion to Dismiss filed by Defendant Edward Lewis. [R. 87.] The Sixth Circuit remanded this case after disagreeing with this Court's denial of Mr. Lewis's Motion to Suppress Evidence seized in 2021. After the Sixth Circuit's mandate issued, the United States brought renewed charges against Mr. Lewis and introduced one new additional charge. Mr. Lewis avers that the levy of this new charge constitutes a vindictive prosecution, which warrants the dismissal of the action against him. For the reasons that follow, Mr. Lewis's motion will be **DENIED**.

**I**

On October 21, 2021, the United States introduced an indictment charging Defendant Edward Lewis with seven criminal counts relating to the possession, receipt, and attempted production of child pornography. [R. 1.] One month later, a superseding indictment was filed. [R. 19.] Shortly after pleading not guilty to the charges against him, Mr. Lewis filed a motion to suppress the evidence obtained in the execution of a February 25, 2021, search warrant. [R. 24.]

Mr. Lewis stated that the affidavit submitted in support of the search warrant lacked probable cause because it contained material representations and material omissions. *See id*.

Magistrate Judge Edward Atkins issued a Report and Recommendation as to the appropriate disposition of Mr. Lewis's motion to suppress [R. 34.] The Court declined to adopt Judge Atkins Report and Recommendation and instead issued its own Memorandum Opinion and Order explaining that, while the warrant affidavit was constitutionally insufficient, the good-faith exception to the exclusionary rule precluded suppression. [R. 42 at 11.] Subsequently, Mr. Lewis was rearraigned and pled guilty to Count One of the superseding indictment. [R. 45.] As part of his plea agreement with the government, however, Mr. Lewis reserved the right to appeal this Court's denial of his motion to suppress. [*See* R. 46 at 1,5.] Mr. Lewis was adjudged guilty and sentenced to 300 months' imprisonment to be followed by a lifetime term of supervised release. [R. 51; R. 53.] Following the entry of judgment, Mr. Lewis appealed the denial of his motion to suppress. [*See* R. 54; R. 58.]

On appeal, the Sixth Circuit agreed with this Court that the warrant affidavit was deficient of facts to support probable cause. [R. 68-1 at 7.] The Sixth Circuit disagreed, however, with the conclusion that the good-faith exception applied. *Id*. at 13. Accordingly, the Order denying Mr. Lewis's motion to suppress was reversed, Mr. Lewis's conviction was vacated, and the case was remanded for further proceedings. *Id*. at 18.

Upon issuance of the Sixth Circuit's mandate, the government introduced a second superseding indictment based on a new search warrant.[1] [R. 74.] The latest indictment only charged Mr. Lewis with three criminal counts, but introduced a previously uncharged violation

---

[1] The Court is aware of Mr. Lewis's pending Motion *in Limine* to suppress all of the evidence obtained during the execution of this latest search warrant. [*See* R. 82.] That motion will be resolved via another Order of the Court. The scope of the present Order extends only to resolving Mr. Lewis's Motion to Dismiss for Vindictive Prosecution.

2

of 18 U.S.C. § 2252(a)(4)(B), "access with intent to view." [R. 74 at 2.] Believing that the government's continued prosecution post-remand and the introduction of a new charge evidences prosecutorial vindictiveness, Mr. Lewis filed a Motion to Dismiss this case in its entirety. [R. 87.] The matter being fully briefed, the Court turns now to that pending motion.

## II

Generally, prosecutors have wide discretion in deciding which cases to prosecute, provided that they have probable cause to believe that the defendant committed the offense. *United States v. Allen*, 954 F.2d 1160, 1166 (6th Cir. 1992). But prosecutorial discretion is not unfettered. *United States v. LaDeau*, 734 F.3d 561, 566 (6th Cir. 2013). The Fifth Amendment's Due Process Clause proscribes the prosecution from punishing a defendant for exercising their constitutionally protected and statutory rights. *Id*. Consequently, defendants may challenge the government's charging decisions and obtain dismissal of an indictment on the grounds of prosecutorial vindictiveness. *Id*.; *see also United States v. Zakhari*, 85 F.4th 367, 379 (6th Cir. 2023).

There are two ways in which a defendant can establish prosecutorial vindictiveness. One way is by showing "actual vindictiveness." *Zakhari*, 85 F.4th at 379. Proving actual vindictiveness requires the defendant to produce "objective evidence that a prosecutor acted in order to punish the defendant for standing on his legal rights." *LaDeau*, 734 F.3d at 566. This showing is "exceedingly difficult to make." *Bragan v. Poindexter*, 249 F.3d 476, 481 (6th Cir. 2001). The second way is by showing that there exists a "realistic likelihood of vindictiveness." *Id*. The "realistic likelihood" standard is objective, and considers "whether a reasonable person would that think there existed a realistic likelihood of vindictiveness . . . ." *Zakhari*, 85 F.4th at 379.

To show that there exists a realistic likelihood of vindictiveness, a defendant must prove that (1) the prosecutor has some stake in deterring or preventing exercise of the defendant's rights and (2) the prosecutor's actions were unreasonable. *Id.*; *see also LaDeau*, 734 F.3d at 566. If a reasonable likelihood is found, a presumption in the defendant's favor of an improper vindictive motive arises. *Id.* The government must rebut that presumption with "objective, on-the-record explanations such as governmental discovery of previously unknown evidence or previous legal impossibility." *Id.* (citations and internal quotations omitted). "If the government fails to present sufficient evidence to rebut the presumption, the presumption stands and the court must find that the prosecutor acted vindictively." *Bragan*, 249 F.3d at 482. The remedy is dismissal of the charges. *Id.*

Here, it is unclear by which of the above-described methods Mr. Lewis intends to establish that prosecutorial vindictiveness is present. Mr. Lewis's argument relies primarily on the fact that the United States added a new charge post-remand. It seems that according to Mr. Lewis, Count 3 of the second superseding indictment, which alleges a violation of 18 U.S.C. § 2252(a)(4)(B), is enough evidence in and of itself to prove prosecutorial vindictiveness. He argues that the totality of the circumstances surrounding his multi-year prosecution "collectively confirm the 'realistic likelihood of vindictiveness' (if not actual vindictiveness) harbored against [him] . . . ." [R. 87-1 at 7.] These circumstances include what Mr. Lewis perceives to be the prior representations made by the government, the negotiated plea agreement with carved out appeal rights, Mr. Lewis's favorable outcome on appeal, attempts for a second search warrant post-remand, return of the second superseding indictment on remand, and the addition of a new charge. *See id.* Mr. Lewis's belief is that the Sixth Circuit's decision on appeal was to be dispositive either way. His position is, essentially, that the government made a promise to

4

abandon the case if Mr. Lewis's appeal was successful, and that the government's decision to bring a second superseding indictment with a new charge breaks that promise.

The government disagrees with Mr. Lewis's view of the case, arguing that Mr. Lewis is incorrect in contending that the prosecution agreed to forego pursuing any charges if Mr. Lewis's original motion *in limine* was granted. The government cites the parties' pre-remand motion to continue trial, which stated that "the parties have discussed the probability of a conditional plea if the Motion is denied and the unlikelihood that the Government will proceed if the Motion is granted." [R. 92 at 12 (citing R. 37 at 1-2).] According to the government, it in no way conceded that the case would be dismissed, and that the parties' joint statement in the motion to continue said nothing about the government's anticipated actions following a successful appeal by Mr. Lewis. *Id* at 20. Altogether, the government avers that Mr. Lewis has established neither actual nor presumptive vindictiveness. Because there is no increase in the number or severity of charges and because the record is replete with objective explanations, a reasonable person should conclude that the government's actions are motivated by a purpose other than retaliation. *Id*. at 24.

Ultimately, the Court agrees with the government. First, Mr. Lewis has failed to satisfy the "onerous" burden of actual vindictiveness because he has not pointed to any objective evidence that the prosecutor took action to punish him for appealing to the Sixth Circuit. *See Bragan*, 249 F.3d at 483. The Second Circuit's framework provides an informative lens through which to assess actual vindictiveness. That framework requires a showing that "(1) the prosecutor harbored genuine animus toward the defendant, or was prevailed upon to bring the charges by another with animus such that the prosecutor could be considered a 'stalking horse,' and (2) the defendant would not have been prosecuted except for the animus." *United States v.*

*Priest*, No. 10-20197, 2010 U.S. Dist. LEXIS 96804 at *9-10 (E.D. Mich. Sep. 16, 2010) (citing *United States v. Sanders*, 211 F.3d 711, 717 (2d Cir. 2000)).  Mr. Lewis cannot proffer any direct evidence—a statement by the prosecuting attorney, documents indicative of bad motive, or any other "smoking gun"—that would support a finding that the government sought to punish him. *See e.g., United States v. Jarrett*, 447 F.3d 520, 527 (7th Cir. 2006) (the Court finding that the defendant failed to produce objective evidence of actual vindictiveness where he failed to produce "any public or private statement by a prosecutor manifesting animus toward him; any document that might establish bad motives on the part of the government; or any similar 'smoking gun.'").  Mr. Lewis's argument relies primarily on the introduction of a new charge, and the overall decision by the prosecution to continue prosecuting this case post-remand.  But these circumstances require some sort of inference;  they are not direct objective evidence of prosecutorial punishment or animus.  Thus, for Mr. Lewis's motion to succeed, he needs to prove that there exists a realistic likelihood of vindictiveness.

Unfortunately for Mr. Lewis, he cannot show that there exists a realistic likelihood of vindictiveness either.  Again, the two considerations in a realistic likelihood analysis are prosecutorial stakes and reasonableness.  *Zakhari*, 85 F.4th at 379.  The government concedes that there "generally" exists a prosecutorial stake in Mr. Lewis's exercise of his appellate rights, but that the analysis hinges on "preventing or deterring" a defendant's exercise of his rights.  [R. 92 at 13.]  The government avers that there was no deterrent motivation here because it voluntarily agreed to allow Mr. Lewis to appeal the denial of his motion to suppress.  *Id*.  Moreover, the government is essentially in the same position now as it was pre-appeal:  that is, preparing for trial.  *Id*.   Thus, because the government has not yet tried this matter, it is not "forced to do over what it had thought it has already done correctly."  *Id*. (citing *LeDeau*, 734

6

F.3d at 569-570). Rather, the United States Attorney's Office has, at most, had to engage in additional briefing on the suppression issue. *Id*.

Although the government's arguments are compelling, the Court finds that prosecutorial stakes are present in this case. The Sixth Circuit has reinforced the "uncontroversial premise" explicated by the Supreme Court in *Blackledge v. Perry*, 417 U.S. 21, 27 (1974), which is as follows: "the likelihood that a defendant's exercise of his rights will spur a vindictive prosecutorial response is indexed to the burden that the defendant's conduct has placed on the prosecution." *LeDeau* 734 F.3d at 569. "When the prosecution is forced to do over what it thought it had already done correctly or where duplicative expenditures of prosecutorial resources are required, the prosecution's stake in discouraging the defendant's exercise of a right may be considerable." *Id*. at 569-70 (cleaned up) (internal quotations and citations omitted). Just like the circumstances in *LeDeau*, Mr. Lewis's suppression motion forced the government to restart its prosecution from square one. Thus, the government is *not* in the same position it was pre-appeal. And while Mr. Lewis has not been tried, he had pled guilty to the first indictment and been sentenced by this Court. Hence, the prosecution's "stake" is to prevent Mr. Lewis from going free. It would be an abuse of this Court's discretion to find that prosecutorial stakes do not exist in this case.

Despite the existence of prosecutorial stakes, the Court does not find that Mr. Lewis has shown the prosecutor's actions to be unreasonable. As the Supreme Court in *United States v. Goodwin* pointed out, the "mere opportunity for vindictiveness is insufficient to justify the imposition of a prophylactic rule." 457 U.S. 368, 384. Generally, "the mere presence of a superseding indictment bringing additional charges is not sufficient to be presumptively unreasonable." *United States v. Suarez*, 263 F.3d 468, 480 (6th Cir. 2001). "[A] potentially

7

vindictive superseding indictment must add additional charges or substitute more severe charges based on the same conduct charged less heavily in the first indictment." *Id*. Given the introduction of a new charge in the second superseding indictment, it might seem as though Mr. Lewis is entitled to the presumption that there exists a reasonable likelihood. But typically, the presumption of vindictiveness is warranted where the superseding indictment introduces *more* severe charges. *See e.g., Zakhari*, 85 F.4th 364 (presumption of vindictiveness established where the prosecution added a new count, without new evidence, that substantially increased the defendant's mandatory minimum); *and LaDeau*, 734 F.3d 561 (vindictiveness presumed where the defendant won a motion to suppress, then the government obtained a superseding indictment based on a new theory of guilt that increased the sentencing range from 0-10 years' imprisonment to 5-20 years' imprisonment). The Second Circuit states the proposition more bluntly: "the Supreme Court has applied the presumption of prosecutorial vindictiveness only to situations in which a prosecutor lodges more severe charges following a defendant's post-conviction exercise of his right to appeal." *Lane v. Lord*, 815 F.2d 876, 878 (2d Cir. 1987) (citing *Thigpen v. Roberts*, 468 U.S. 27, 30 (1984)). The Ninth Circuit reinforces the notion that a presumption of vindictiveness is only afforded to the defendant where he makes an initial showing that charges of increased severity were filed. *United States v. Gallegos-Curiel*, 681 F.2d 1164, 1167 (9th Cir. 1982).

     Mr. Lewis argues that he "went up to the Court of Appeals with a two-count indictment" and, upon his successful appeal, "came back from the Court of Appeals . . . with a three-count indictment." [R. 93 at 3.] But the record shows that the second superseding indictment charged *less* counts than the two preceding indictments. [*See* R. 1; R. 19; R. 74.] The second superseding indictment charges only three counts, whereas the first two indictments each

charged seven counts.[2]  The government avers too that Mr. Lewis's potential punishment under the Sentencing Guidelines has not been increased.  [R. 92 at 19.]  Because the prosecution's second superseding indictment contains *less* charges than the previous two indictments, and because the severity of the charges was not increased, the Court is doubtful that the prosecution's actions were unreasonable.

     Further supporting the reasonableness of the prosecutor's actions is the existence of new knowledge and the change in circumstances.  The government explains that following the Sixth Circuit's remand, Victim 1 and Victim 2—the daughters of Lewis's previous friend and tenant—were interviewed by law enforcement.  During those interviews, Victim 1 and Victim 2 provided new information about Mr. Lewis's acts, which included making inappropriate comments towards the victims, asking them for sex acts, and offering to purchase them sex toys.  [R. 92 at 6.]  Following the issue of the Sixth Circuit's mandate, the government sought a federal search warrant, which was supported by an affidavit that included discussion of the new statements from Victim 1 and Victim 2.  *Id*. at 7.  This new information corresponded in time with a change in the prosecuting attorney upon the retirement of the previously assigned Assistant United States Attorney.  *Id*. at 16.  The newly assigned prosecutor modified the refreshed charges by adding the new count based upon how she preferred to present the case to a jury.  *Id*.  As discussed above, however, the newest indictment contained less charges, and did not increase the possible penalties for Mr. Lewis.  All of this taken together leads the Court to conclude that the prosecution's conduct was reasonable.  Thus, for these reasons, no realistic likelihood of vindictiveness exists.

---

[2] Of course, Mr. Lewis only pled guilty to only one count of the superseding indictment, with the other counts being dismissed on motion by the government.  It appears that Mr. Lewis would prefer the Court to compare his plea agreement with the second superseding indictment.  But the comparison to make is between charges *filed*, not charges agreed to.

## III

Because Mr. Lewis has failed to show that the prosecutor acted with actual vindictiveness or that there exists a realistic likelihood of vindictiveness, Mr. Lewis's motion cannot succeed. Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that Defendant Edward Lewis's Motion to Dismiss for Vindictive Prosecution [**R. 87**] is **DENIED**.

This the 12th day of June 2024.

Gregory F. Van Tatenhove
United States District Judge